**No. 49246.**—Protest 89636–K of John Esquin, Ltd. (San Francisco).

Opinion by Ekwall, J. The protest was dismissed.

Before the Third Division, March 2, 1944

**No. 49247.**—Protests 30826–K, etc., of Henry Kaltman (New York).

Opinion by Cline, J. The sole question is whether or not the kegs or small barrels in the shipments were airtight or watertight containers. At the trial the importer testified that he had been importing Dalmatian sour cherries for about 20 years, and his contracts for the shipments in the case at bar were admitted in evidence. He further testified that the cherries were packed in kegs like those used in *Kirsch* v. *United States* (8 Cust. Ct. 254, C. D. 616), but counsel for the Government objected to the incorporation of the record in that case, which objection was sustained. However, the barrel which was exhibit 1 in said *Kirsch* case was received in evidence as exhibit 3 in the instant case. The defendant called several witnesses and various exhibits were received in evidence. It appeared from the uncontradicted evidence produced by the defendant that the types of barrels represented by exhibit 3 were airtight and watertight at the time of construction. There was no evidence produced in the case at bar tending to show that the kegs herein were not in an airtight or watertight condition at the time of shipment or at the time that the cherries were packed. T. D. 44253 and *Moscahlades* v. *United States* (T. D. 49417) cited but not followed. From the record presented it appeared that the cherries in question were packed in airtight or watertight containers. *Kirsch* v. *United States, supra,* not followed, as that decision rested on the statements of the witnesses to the effect that the barrels were leaking at the time of importation and upon an ocular examination of the sample by the court. On the record presented the protests were overruled.